IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


In re:                                            Civ. No. 05-6226-AA
                                             Case No. 601-62971-aer7
JUDY A. MOORE,
                                              OPINION AND ORDER
        Debtor.
_____

AIKEN, Judge:

    Appellant the State of Oregon (the State) appeals a ruling of
the United States Bankruptcy Court.  The bankruptcy court found
that the Trustee of the Chapter 7 estate could proceed with set off
and disallowance objections to the Oregon Department of Revenue's
proof of claim against the estate under 11 U.S.C. §§ 106(c) and
502(d).  For the reasons given below, the decision of the
bankruptcy court is affirmed.

STANDARD

The bankruptcy court's findings of fact shall not be set aside unless clearly erroneous.  Fed. R. Bankr. P. § 8013.  Issues of law are reviewed *de novo*, as are mixed questions of law and fact.  In re Bammer, 131 F.3d 788, 792 (9th Cir. 1997); In re Jodoin, 209 B.R. 132, 135 (9th Cir. B.A.P. 1997).  The issue before the court in the instant case is purely legal and is therefore reviewed *de novo.*

BACKGROUND

On April 20, 2001, debtor Judy Moore filed a chapter 7 bankruptcy petition.  Appellant State of Oregon, Department of Revenue (Revenue) timely filed a $15,026.26 claim against the estate for unpaid personal incomes taxes owed by Moore, with $14,988 claimed as priority.

Appellee, the Bankruptcy Trustee of the chapter 7 estate, subsequently filed an adversary proceeding against the Oregon State Lottery Commission (Lottery) seeking to recover an alleged $10,000 preferential transfer by the debtor to Lottery.  In March 2001, within ninety days of filing her bankruptcy petition, Moore had negotiated a settlement with Lottery and paid $10,000 to satisfy a debt owed by Moore's company to Lottery from the sales of lottery games.

The Trustee also filed an objection to Revenue's claim against the estate seeking to disallow the claim under 11 U.S.C. § 502(d)

2 - OPINION AND ORDER

or to set off the claim by $10,000 under 11 U.S.C. § 106(c).  The basis for Trustee's objection was the $10,000 preferential transfer to Lottery.

Lottery moved to dismiss the adversarial proceeding against Lottery on grounds of sovereign immunity, because the Trustee sought recovery of money from the State.  The State maintained that Revenue's claim against the estate did not waive the State's sovereign immunity with respect to the Trustee's adversarial proceeding, because the preferential transfer to Lottery did not arise out of the same transaction or occurrence as the unpaid taxes sought by Revenue.  Revenue likewise asserted sovereign immunity in response to the Trustee's objections.

The bankruptcy court issued a memorandum opinion granting Lottery's motion to dismiss but allowing the Trustee's objections. Although the bankruptcy court held that the State's sovereign immunity barred the adversarial proceeding seeking recovery from the State, the court found that the Trustee's objections did not infringe the State's sovereign immunity.  Specifically, the bankruptcy court found that the Trustee's § 502(d) objection was an affirmative defense to Revenue's claim and "part of the claims process, which is an 'in rem' proceeding that does not offend a state's sovereignty."  Memorandum Opinion, p. 8.  Similarly, the bankruptcy court likened the Trustee's § 106(c) objection to an affirmative defense that did not implicate the State's sovereign

immunity, because the Trustee did not seek to recover money from the State.

Finally, the bankruptcy court found that the State waived its sovereign immunity regarding the Trustee's objections, because the State voluntarily consented to the jurisdiction of the bankruptcy court by filing a claim against the estate.

## DISCUSSION

The issue presented in this appeal is whether the sovereign immunity enjoyed by the State in an adversarial proceeding brought by the Trustee against Lottery similarly bars the Trustee's objections to a claim made against the estate by Revenue, where the basis for the Trustee's objections against Revenue's claims is the debtor's preferential transfer to Lottery. I agree with the bankruptcy court that it does not.

The disallowance of claims is governed by § 502(d), which provides:

> Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(I), 542, 543, 550, or 553 of this title.

The State first argues that the plain language of § 502(d) bars the Trustee's disallowance objection, because the State's

4 - OPINION AND ORDER

sovereign immunity prevents the preferential transfer from being "recoverable" or "avoidable" and the State from being held "liable" for such transfer. However, § 502(d) does not require that property be actually "recovered" but only that it be "recoverable." "'Section 502(d) operates to disallow claims of transferees who do not surrender their avoidable transfers. It does not compel the surrender, nor permit affirmative relief of any kind.'" In re Parker N. Am. Corp., 24 F.3d 1145, 1155 (9th Cir. 1994) (quoting Committee of Unsecured Creditors v. Commodity Credit Corp. (In re KF Dairies), 143 B.R. 734, 737 (9th Cir. BAP 1992)); see also In re McLean Indus., Inc., 196 B.R. 670, 676-77 (S.D.N.Y. 1996) (the fact that the bankruptcy court could not order affirmative relief because avoidance claim was time-barred did not impact the court's power to determine that a transfer was avoidable and grant partial relief under § 502(d)); In re 360networks (USA), Inc., 316 B.R. 797, 805 (Bankr. S.D.N.Y. 2004) ("A determination under § 547 that a transfer of property is avoidable is not tantamount to a money judgment, injunctive relief, or any specific remedy at all, and the Court's power to determine whether a transfer is avoidable as a preference is not dependant on its power to order an affirmative remedy pursuant to § 550."). Therefore, I do not find that the language of § 502(d) precludes the Trustee's disallowance objection.

The State next argues that the bankruptcy court's *in rem*

jurisdiction does not extend to the Trustee's objection, because the result sought is the same as if the Trustee were seeking affirmative recovery and should be likewise barred by the State's invocation of sovereign immunity. I disagree. In contrast to the adversary proceeding, the Trustee's § 502(d) objection does not attempt to obtain judgment or to collect funds or property currently in the control or possession of the State. See California v. Deep Sea Research, Inc., 523 U.S. 491, 507-508 (1998) (the Eleventh Amendment does not bar federal jurisdiction over in rem admiralty actions when the State is not in possession of the property); In re 360networks, 316 B.R. at 804 ("To the extent the Court has in rem jurisdiction over the property of the debtor, it has in rem jurisdiction to decide issues involving that property, notwithstanding a State's sovereign immunity.").

In Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440 (2004), the Supreme Court held that a bankruptcy court's exercise of its *in rem* jurisdiction to discharge a student loan debt - in an adversarial proceeding brought by the debtor - did not infringe or implicate state sovereignty. 541 U.S. at 448-50. The Court reasoned: "A debtor does not seek monetary damages or any affirmative relief from a State by seeking to discharge a debt; nor does he subject an unwilling State to a coercive judicial process. He seeks only a discharge of his debts." Id. at 450. Likewise, the Trustee here "does not seek payment of the avoidable transfers

6 - OPINION AND ORDER

in this forum; he seeks only to prevent the payment" of the State's claims.  In re PRS Insurance Group, Inc., ___ B.R. ___, 2005 WL 2333649, *4 (Bankr. D. Del. Sep 23, 2005) (rejecting creditor's argument that preemption of Trustee's adversarial proceeding also barred § 502(d) objection raised on same grounds).  I find no significant distinction between the discharge of state debt in Hood and the disallowance of a state claim in this case, and the bankruptcy court's *in rem* jurisdiction extends to the Trustee's § 502(d) objection.

The State similarly argues that the bankruptcy court's jurisdiction does not extend to the Trustee's § 106(c) set off objection.  The State argues that § 106(c) is unconstitutional, because Congress lacked the authority to force a waiver of the State's sovereign immunity.

Section 106(c) provides:  "Notwithstanding any assertion of sovereign immunity by a governmental unit, there shall be offset against a claim or interest of a governmental unit any claim against such governmental unit that is property of the estate." As utilized in this proceeding, the Trustee does not invoke § 106(c) to authorize the recovery of property in the possession of the State; he merely seeks a set off of Revenue's claim against the estate.  "In effect, all that § 106(c) permits is the assertion by the trustee that the state's claim has already been paid, or partially paid." Ossen v. Dep't of Soc. Servs. (In re Charter Oak

7 - OPINION AND ORDER

Assoc.), 361 F.2d 760, 769 (2d Cir. 2004). As with the Trustee's § 502(d) objection, the objection raised under § 106(c) is akin to an affirmative defense rather than a separate claim, because it does not seek recovery from the State. Accordingly, the Trustee's set-off objection under § 106(c) is within the bankruptcy court's *in rem* jurisdiction and does not offend sovereign immunity.

Finally, the State argues that its limited wavier of sovereign immunity with respect to Revenue's claim against the estate does not extend to the Trustee's objection, because it is based on the preferential transfer to Lottery and has no relation or logical relationship to Revenue's claim for unpaid income taxes. However, the cases cited by the State in support of this argument involved a mandamus adversary proceeding brought against the state by the bankruptcy trustee and an adversarial proceeding brought against the state by the debtor rather than an objection under § 106(c). See Schulman v. California (In re Lazar), 237 F.3d 967, 979 (9th Cir. 2001); State Board of Equalization v. Harleston (In re Harleston), 331 F.3d 699, 701 (9th Cir. 2003). "From an equitable standpoint, we can see no reason why a state that has filed a proof of claim in a bankruptcy case should be permitted to raise the immunity shield in response to permissive counterclaims brought by the debtor, at least where those counterclaims are capped by a setoff limitation, as they are under § 106(c)." In re Charter Oak Assoc., 361 F.3d at 769.

8 - OPINION AND ORDER

Moreover, "the plain text of subsection [106(c)] does not require the counterclaim to arise from the same 'transaction or occurrence' as the original claim. All that is required is that the claim 'be property of the estate.'" In re Supreme Beef Processors, Inc., 391 F.3d 629, 635 (5th Cir. 2004); see also In re Franklin Savings Corp., 385 F.3d 1279, 1285 (10th Cir. 2004). ("Section 106(c) waives sovereign immunity with respect to counterclaims of the debtor's estate that did not arise out of the same transaction or occurrence as the proof of claim, but only to the extent that the claims offset the government's claim.").

Regardless, I agree with the bankruptcy court that the State waived its sovereign immunity with respect to objections raised by the Trustee against Revenue's claim. As aptly explained by the Supreme Court:

> If the claimant is a State, the procedure of proof and allowance is not transmitted into a suit against the State because the court entertains objections to the claim. The State is seeking something from the debtor. No judgment is sought against the State. The whole process of proof, allowance, and distribution is, shortly speaking, an adjudication of interests claimed in a res. It is none the less such because the claim is rejected in toto, reduced in part, given a priority inferior to that claimed, or satisfied in some way other than payment in cash. When the State becomes the actor and files a claim against the fund it waives any immunity which it otherwise might have had respecting the adjudication of the claim.

Gardner v. New Jersey, 329 U.S. 565, 573-74 (1947); see also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense

Bd., 527 U.S. 666, 681 n.3 (1999) (noting that Gardner "stands for the unremarkable proposition that a State waives its sovereign immunity by voluntarily invoking the jurisdiction of the federal courts").

I do not find this "unremarkable proposition" altered by the fact that the Trustee's objection is based on the alleged preferential transfer to Lottery. The fact that the State's sovereign immunity prevents the Trustee from recovering the amount of the preferential transfer from Lottery does not lead to the conclusion that the Trustee cannot object to Revenue's claim on the same grounds.

CONCLUSION

For the reasons stated above, the Bankruptcy Court's decision is AFFIRMED.

DATED this __30__ day of September, 2005.


<u>    /s/ Ann Aiken   </u><br>
Ann Aiken<br>
United States District Judge